36548. ESTES v. JOHN BLEAKLEY FORD, INC.

MARSHALL, Justice.

The appellant filed a dispossessory proceeding against his tenant, appellee. Without any hearing on the appellant's motion to dismiss the appellee's counterclaim, the tenant remained in

possession under an order of November 27, 1978, and on February 28, 1979, a consent judgment provided for the tenant's continued possession only through September 30, 1979, unless a new agreement had been reached. The consent judgment dismissed the counterclaim with prejudice. Before the September 30 deadline, the appellant obtained a writ of possession without notice, entitling him to possession as of October 1, 1979. On October 3, the appellee filed a motion captioned "Extraordinary motion to set aside a writ of possession improvidently granted and ex parte, without notice to defense counsel in pending litigation." The appellee therein contends that on September 18, 1979, a new lease agreement was reached, guaranteed by John Bleakley, but to avoid a lawsuit, it was not and would not be put in writing as a lease for years until after October 1, 1979, and the appellee paid into court a rental payment for the month of October.

On October 18, 1979, the appellee moved for reinstatement of its counterclaim, contending that it was dismissed upon fraudulent allegations of the appellant to negotiate. It also contended that the appellant was guilty of fraudulent and unconscionable acts in negotiating and signing a lease with another while at the same time verbally agreeing to a new lease with the appellee.

On November 7, 1979, the trial court, after a hearing, entered the order appealed from here, wherein it recited that there were substantial questions of fact to be determined by a jury, and ordered that the appellee remain in possession of the premises pending determination of the issues of fact by a jury. The court also held that a question has been raised concerning whether the court should retain jurisdiction of the matter so as "to afford equitable relief in the premises," and found that there would be "irreparable harm" if the appellee were ordered to cease its business operations, whereas any damage to the appellant by a stay of dispossession could be readily calculated in money damages. Under this order, the appellee was to remain in the premises, pay a monthly rent in advance into the registry of the court, and post a $15,000 bond conditioned upon proof of actual damages sustained by the appellant.

The order sought to be appealed is not final, inasmuch as a jury trial of the issues of fact is pending and no injunctive relief is granted therein. Absent a compliance with the interlocutory-appeal procedure of Code Ann. § 6-701 (a) (2) (Ga. L. 1965, p. 18; as amended), the appeal is premature and must be, and is, dismissed.

*Appeal dismissed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1980 — DECIDED NOVEMBER 25, 1980.

*Patrick & Warner, Griffin Patrick, Jr.,* for appellant.
*James R. Dollar, Jr.,* for appellee.